ROBERT H. ZIMMERMAN, BAR NO. 84345
CHAD C. COUCHOT, BAR NO. 245455
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant ENLOE MEDICAL CENTER
dba ENLOE MEDICAL CENTER-ESPLANADE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| A.Y.O., a minor, by and through his Guardian ad Litem, FRANCIS OCASIO,<br><br>Plaintiff,<br><br>vs.<br><br>ENLOE MEDICAL CENTER, a California Corporation, doing business as ENLOE MEDICAL CENTER-ESPLANADE<br><br>Defendants. | NO. 2:21-CV-00285-KJM-JDP<br><br>**SECOND AMENDED STIPULATION TO RESOLVE CERTAIN MOTIONS IN LIMINE (ECF NOS. 24, 26, 27 AND 31) AND ORDER** |

On March 28, 2022, the parties filed motions in limine. Defendant Enloe Medical Center filed six motions in limine, ECF Nos. 23 through 28. Plaintiff A.Y.O. filed two motions in limine, ECF Nos. 30 and 31. This stipulation is intended to supersede two prior stipulations resolving certain motions in limine, ECF Nos. 34 and 35, and to provide a comprehensive document addressing all motions in limine resolved by stipulation.

After meet and confer efforts, the parties have reached stipulations to resolve the following four motions in limine:

1. Defendant's Motion in Limine No. 2 to Exclude the Opinions of Barbara Greenfield RN Pertaining to Anticipated Medical Charges as Unreliable and Irrelevant;

2. Defendant's Motion in Limine No. 4, To Preclude Reference or Testimony to Other Malpractice Cases Against the Defendant and Any Physicians Who May Testify in

1 this Case (ECF No. 26);

2 3. Defendant's Motion in Limine No. 5, To Exclude Evidence of Certain Irrelevant
3 and/or Prejudicial Evidence (ECF No. 27); and

4 4. Plaintiff's Motion in Limine No. 2, To Limit Defendant's Experts to the Opinions
5 Testified to in Deposition (ECF No. 31).

6 **THE PARTIES HEREBY STIPULATE:**

7 A. Barbara Greenfield RN, Plaintiff's life care planner, will base the costs of the
8 medical services and other items identified in her life care plan, with the exception
9 of attendant care, at the private pay rates for those services and items, as stated
10 by Linda Olzack RN, Defendant's life care planner, in her report dated November
11 30, 2021. Ms. Greenfield will continue to price attendant care in the amounts
12 described in her report dated July 23, 2021.

13 B. Reference to or evidence of prior or subsequent medical malpractice proceedings
14 against Enloe Medical Center, Dr. Akiba Green or any other physician who may
15 testify in this case shall not be introduced or admitted at trial.

16 C. Reference to or evidence of Bruce Fagel, Plaintiff's counsel, being a medical
17 doctor shall not be introduced or admitted at trial.

18 D. There will be no reference to medical literature outside of the narrow hearsay
19 exception articulated in F.R.E. 803(18), and the literature itself will not be admitted
20 as evidence.

21 E. Reference to or evidence of professional liability insurance shall not be introduced
22 or admitted at trial.

23 F. Reference to or evidence of the limitations of the Medical Injury Compensation
24 Reform Act of 1975 (MICRA) shall not be introduced or admitted at trial.

25 G. The opinions and conclusions of expert witnesses shall be limited to those
26 expressed in their written reports, as well those expressed during their respective
27 depositions.

28 ///

IT IS SO STIPULATED.

Dated: May 3, 2022

**SCHUERING ZIMMERMAN & DOYLE, LLP**

BY: /s/ Chad C. Couchot
ROBERT H. ZIMMERMAN
CHAD C. COUCHOT
Attorneys for Defendant,
ENLOE MEDICAL CENTER

Dated: May 3, 2022

**LAW OFFICES OF BRUCE G. FAGEL & ASSOCIATES**

BY: *Bronislav M. Draganov*
BRUCE G. FAGEL
BRONISLAV DRAGANOV
Attorneys for Plaintiff, A.Y.O., a minor, by and through his Guardian ad Litem, FRANCIS OCASIO

## ORDER

Pursuant to the stipulation of the parties, the Court hereby **ORDERS**:

1. Barbara Greenfield RN, Plaintiff's life care planner, will base the costs of the medical services and other items identified in her life care plan, with the exception of attendant care, at the private pay rates for those services and items, as stated by Linda Olzack RN, Defendant's life care planner, in her report dated November 30, 2021. Ms. Greenfield will continue to price attendant care in the amounts described in her report dated July 23, 2021.

2. Reference to or evidence of prior or subsequent medical malpractice proceedings against Enloe Medical Center, Dr. Akiba Green or any other physician who may testify in this case shall not be introduced or admitted at trial.

3. Reference to or evidence of Bruce Fagel, Plaintiff's counsel, being a medical doctor shall not be introduced or admitted at trial.

4. There will be no reference to medical literature outside of the narrow hearsay exception articulated in F.R.E. 803(18), and the literature itself will not be admitted as evidence.

5. Reference to or evidence of professional liability insurance shall not be introduced or admitted at trial.

6. Reference to or evidence of the limitations of the Medical Injury Compensation Reform Act of 1975 (MICRA) shall not be introduced or admitted at trial.

7. The opinions and conclusions of expert witnesses shall be limited to those expressed in their written reports, as well those expressed during their respective depositions.

The Court further **ORDERS** Defendant ENLOE MEDICAL CENTER'S Motion in Limine No. 2 (ECF No. 24), Motion in Limine No. 4 (ECF No. 26), Motion in Limine No. 5 (ECF No. 27) and Plaintiff A.Y.O.'S Motion in Limine No. 2 (ECF No. 31) are **TERMINATED** as moot.

Dated: May 16, 2022

CHIEF UNITED STATES DISTRICT JUDGE