UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.Y.O., a minor, by and through his guardian ad litem, Francis Ocasio,<br><br>Plaintiff,<br><br>v.<br><br>Enloe Medical Center, doing business as Enloe Medical Center - Esplanade,<br><br>Defendant. | No. 2:21-CV-00285-KJM-JDP<br><br>ORDER |

    Presently there are four motions in limine pending in this medical malpractice action. Def. MIL No. 1, ECF No. 23; Def. MIL No. 3, ECF No. 25; Def. MIL No. 6, ECF No. 28; Pl. MIL No. 1, ECF No. 30.  The court submits the motions without oral argument and resolves them on the papers.

    First, defendant moves to preclude any evidence or argument that Dr. Akiba Green, the obstetrician/gynecologist who delivered plaintiff, was an agent of defendant.  Def. MIL No. 1. The parties previously stipulated that plaintiff may not claim defendant is liable for Dr. Green's actions or omissions under an ostensible agency theory.  ECF No. 20.  Defendant claims it did not realize plaintiff was pursuing an actual agent theory until reviewing the Joint Pretrial Statement. Def. MIL No. 1 at 2.  Defendant now argues plaintiff's complaint "does not state a claim for agency" and Dr. Green "was not an agent of [defendant] as a matter of law."  *Id.* at 4–5.

Plaintiff's complaint alleges that "[d]efendant and its employees were the agents of each other." Compl. ¶ 7, ECF No. 1. It does not indicate plaintiff is solely pursuing claims based on an ostensible agency theory. Defendant's arguments amount to "improperly seeking a dispositive ruling . . . through a motion in limine" filed after the dispositive motion deadline. *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). The court **denies the motion.** Defendant is not precluded from presenting evidence at trial in an effort to refute plaintiff's claim that Dr. Green is an actual agent of defendant.

Second, defendant argues the plaintiff should be limited to one obstetrician witness to testify concerning the standard of care and causation. Def. MIL No. 3. Plaintiff argues that while both Dr. Howard Mandel and Dr. Joseph Ouzounian are obstetricians, the two are properly disclosed experts who have varying perspectives on the standard of care. Pl. Opp'n to MIL No. 3 at 4, ECF No. 40. Given the plaintiff's proposal to limit the testimony of each expert to avoid any overlap and the presentation of cumulative evidence, *id*, the court **denies this motion without prejudice**. Defendant may object during trial should it believe the testimony of these experts is unnecessarily cumulative. *See* Fed. R. Evid. 403.

Third, defendant requests plaintiff be physically present at voir dire. Def. MIL No. 6. Plaintiff's counsel insists plaintiff's condition would make it difficult for him to travel from his current home in San Antonio, Texas. Pl. Opp'n to MIL No. 6 at 2, ECF No. 41. Plaintiff is wheelchair and gastrostomy-tube dependent, and receives almost daily therapy. *Id.* Plaintiff's counsel has not determined whether plaintiff, who is only 3 years old and unable to sit independently, will be able to be present for any part of trial. *Id.* The court **denies this motion**. The parties are directed to meet and confer regarding how to provide an appropriate visual representation of plaintiff's physical condition to the jury, with the goal of providing a report to the court by the first morning of trial.

Lastly, plaintiff moves to preclude defendant from arguing Electronic Fetal Monitoring (EFM) has no predictive value in diagnosing Cerebral Palsy (CP). Pl. MIL No. 1. Defendant argues "[t]he efficacy of fetal heart monitoring in the prevention of cerebral palsy is a proper subject for cross-examination." Def. Opp'n, ECF No. 42. As defendant represents it will not

seek to elicit evidence or argue that "fetal heart monitoring has no value," *id.*, the court **grants the motion as unopposed**.

In conclusion, the court **denies** defendant's Motion in Limine Numbers 1 **(ECF No. 23)**, 3 **(ECF No. 25),** and 6 **(ECF No. 28)**.

The court **grants** plaintiff's Motion in Limine Number 1 **(ECF No. 30).**

The court **vacates** the motion in limine hearing currently scheduled for June 17, 2022, at 10:00 a.m.

IT IS SO ORDERED.

DATED:  June 7, 2022.

CHIEF UNITED STATES DISTRICT JUDGE