UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.Y.O., a minor, by and through his guardian ad litem, Francis Ocasio,<br><br>Plaintiff,<br><br>v.<br><br>Enloe Medical Center, doing business as Enloe Medical Center – Esplanade,<br><br>Defendant. | No. 2:21-cv-00285-KJM-JDP<br><br>ORDER |

  In this medical malpractice case, defendant Enloe Medical Center seeks leave to file a motion for summary judgment regarding whether Dr. Green was an actual agent of defendant. Mem. at 1, ECF No. 53-1. Plaintiff opposes. *See* Opp'n, ECF No. 58. Defendant has replied. *See* Reply, ECF No. 59. The court submitted this matter without a hearing. Min. Order, ECF No. 60. For the reasons below, the court **denies** the motion.

  Under this case's scheduling order, the deadline to file dispositive motions was January 21, 2021. Mins., ECF No. 14. Whether the court permits defendant to file the late-stage motion for summary judgment turns on whether defendant shows "good cause" to do so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (dates in scheduling order may be modified only for "good cause" under Federal Rule of Civil Procedure 16(b)(4)). The focus of

the Rule 16 "good cause" inquiry is on defendant's diligence in seeking leave; if defendant was not diligent, request for leave should be denied. *Id.* at 608–09.

      Here, defendant was not diligent in preparing to file a dispositive motion on the issue of actual agency.  As noted in this court's previous order, defendant was on notice of plaintiff's actual agency theory before the dispositive motion deadline, as the complaint alleges that "[d]efendant and its employees [including Dr. Green] were the agents of each other." Order at 1–2, ECF No. 52.  Although defendant argues California Court of Appeal decision issued in 2022, *Franklin v. Santa Barbara Cottage Hospital,* established an unforeseeable new law that warrants granting the leave it requests, *Franklin* did not establish any new law on actual agency.  *See* Mem. at 1; Mot. Ex. D, ECF No. 53-6 (attaching copy of *Franklin* decision).  Rather, *Franklin* relied on a 2015 decision, *Jackson v. AEG Live, LLC*, which held a doctor is not an actual agent of a hospital unless the hospital has control over how the doctor treats patients. *See* Mot. Ex. D at 10–11 (quoting 233 Cal.App.4th 1156, 1179 (2015)); Opp'n at 4.  If allowed to file a dispositive motion now, defendant, as did the hospital in *Jackson*, proposes to argue Dr. Green was not an actual agent of defendant because defendant did not have control over Dr. Green's medical practice.  Mem. at 3.  Defendant does not explain why it could not have filed its dispositive motion based on *Jackson* before the January 21, 2021 deadline.  *See generally* Reply.  Defendant has not shown the required good cause.

      For the reasons above, the court **denies** defendant's motion.

      This order resolves ECF No. 53.

      IT IS SO ORDERED.

DATED: October 6, 2022.

                                             CHIEF UNITED STATES DISTRICT JUDGE